IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Bernard Curry, #186737,   )<br>                                                        )<br>                      Plaintiff,          )<br>    vs.                                              )<br>                                                        )<br>Stephen Gulfoyle, of *The Chester News and*  )<br>*Reporter,*                                      )<br>                                                        )<br>                      Defendant.      )<br>_____ ) | C/A No.:  0:08-2457-JFA-JRM<br><br>**ORDER** |

The *pro se* plaintiff, James Bernard Curry, is an inmate with the South Carolina Department of Corrections (SCDC). Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendant slandered him in an article written about plaintiff's criminal trial in Chester County in February 2008. The plaintiff seeks money damages and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss plaintiff's claims for failure to state a cognizable claim under this court's federal question jurisdiction.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation which was filed on July 24, 2008. The plaintiff did not file any objections[2] to the Report.

The plaintiff does not allege that his federal constitutional rights were violated by the defendant, only that the article was written to "make me [the defendant] look bad in the eyes of the public and to entice their minds to think since I was on probation for another crime, maybe I committed the crime that I was on trial for . . . ."

This court lacks jurisdiction over the subject matter of the litigation. The allegations contained in plaintiff's complaint do not fall within the scope of either federal question jurisdiction (28 U.S.C. § 1331) or diversity of citizenship (28 U.S.C. § 1332). Rather, plaintiff's complaint involves allegations of slander, a routine intentional tort and generally a matter of state law to be heard in the state courts. *See Camden v. Hilton*, 260 S.C. 164 (Ct. App. 2004). Purely private conduct, such as that alleged in this case, is not actionable, nor is it cited by the plaintiff as a basis for his claims under 42 U.S.C. § 1983 or under the Fourteenth Amendment to the Constitution.

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 26, 2008
Columbia, South Carolina